**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DONGGUAN GUANYI | ) |
| LIGHT-DECORATION CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     JURY TRIAL DEMANDED |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR

## TEMPORARY RESTRAINING ORDER

Plaintiff Dongguan Guanyi Light-Decoration Co., Ltd. ("Guanyi" or "Plaintiff"), by its

attorneys, submit this memorandum in support of its Motion for Temporary Restraining Order.

///

///

///

///

///

///

///

///

///

///

///

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS........................................................................................ 2

    A.    Guanyi's Patent ..............................................................................................2

    B.    Defendants' Unlawful Activates ...................................................................3

III. ARGUMENT ........................................................................................................... 4

    A.    Standard for Temporary Restraining Order and Preliminary Injunction .................7

    B.    Guanyi Will Likely Succeed on the Merits...................................................8

        B.1.    Defendants Infringed the '585 Patent ..................................... 8

        B.2.    The '585 Patent Is Valid ....................................................... 9

    C.    There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief ......................................10

    D.    The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction ...................................................13

IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ................................ 13

    A.    Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the '585 Patent Is Appropriate .....................14

    B.    Preventing the Fraudulent Transfer of Assets Is Appropriate ................14

    C.    Plaintiff Is Entitled to Expedited Discovery .......................................15

V. BOND ...................................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*,
    46 Fed. App'x 964 (Fed. Cir. 2002)...................................................................9

*Aevoe Corp. v. AE Tech Co.*,
    No. 2:12-cv-0053, 2012 WL 760692 (D. Nev. Mar. 7, 2012) ...............................12

*Animale Grp. Inc. v. Sunny's Perfume Inc.*,
    256 F. App'x 707 (5th Cir. 2007) ...................................................................14

*Apple Inc. v. Samsung Elecs. Co.*,
    735 F.3d 1352 (Fed. Cir. 2013).......................................................................11

*Aria Diagnostics, Inc. v. Sequenom, Inc.*,
    726 F.3d 1296 (Fed. Cir. 2013).......................................................................10

*Bowers v. Baystate Techs., Inc.*,
    320 F.3d 1317 (Fed. Cir. 2003).........................................................................8

*Bushnell, Inc. v. Brunton Co.*,
    673 F.Supp.2d 1241 (D. Kan. 2009) ...............................................................12

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*,
    664 F.3d 922 (Fed. Cir. 2012).........................................................................13

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*,
    No. 1:01-cv-00905, 2001 WL 527404 (N.D. Ill. May 15, 2001).............................7

*Christian Dior Couture, S.A. v. Lei Liu et al.*,
    2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015)...........................5, 6, 7

*Columbia Pictures Indus., Inc. v. Jasso*,
    927 F. Supp. 1075 (N.D. Ill. 1996) ...................................................................5

*Curry v. Revolution Labs., LLC*,
    949 F.3d 385 (7th Cir. 2020) ...........................................................................6

*Deckers Outdoor Corporation v. The Partnerships*,
    No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished)........................................15

*Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*,
    2010 WL 4877708 (N.D. Ill. Nov. 23, 2010) ....................................................6

*Ford Global Techs., LLC v. New World Int'l Inc.*,
　　2016 U.S. Dist. LEXIS 78384 (E.D. Mich. June 16, 2016)......................................5

*Illinois v. Hemi Grp. LLC*,
　　622 F.3d 754 (7th Cir. 2009) ...........................................................................5, 6

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
　　814 F.3d 1343 (Fed. Cir. 2016)..............................................................................10

*Monster Energy Company v. Chen Wensheng, et al.*,
　　136 F. Supp. 3d at 909 .............................................................................................6

*NBA Properties, Inc. v. HANWJH*,
　　46 F.4th 614 (7th Cir. 2022) ....................................................................................5

*Nike, Inc. v. Fujian Bestwinn Industry Co.*,
　　166 F.Supp.3d 1177 (D. Nev. 2016)........................................................11, 12, 14

*Otter Prods. v. Anke Group Indus. Ltd.*,
　　2:13-cv-00029, 2013 WL 5910882 (D. Nev. Jan. 8, 2013) .............................10, 12

*Pause Tech. LLC v. TiVo Inc.*,
　　419 F.3d 1326 (Fed. Cir. 2005)................................................................................8

*PCT Int'l Inc. v. Holland Elecs. LLC*,
　　No. CV-12-01797-PHX-JAT, 2015 WL 5210628 (D. Ariz. Sept. 8, 2015 ...........11

*Phillips v. AWH Corp.*,
　　415 F.3d 1303 (Fed. Cir. 2005)................................................................................9

*PopSockets LLC v. The Partnerships*,
　　No. 21-cv-990 (N.D. Ill. Feb. 4, 2021) .................................................................16

*Rathmann Grp. v. Tanenbaum*,
　　889 F.2d 787 (8th Cir. 1989) .................................................................................16

*Reebok Int'l Ltd. v. J. Baker, Inc.*,
　　32 F.3d 1552 (Fed. Cir. 1994)................................................................................11

*Robert Bosch LLC v. Pylon Manufacturing Corp.*,
　　659 F.3d 1142 (Fed. Cir. 2011)........................................................................10, 12

*Spectralytics, Inc. v. Cordis Corp.*,
　　649 F.3d 1336 (Fed. Cir. 2011)................................................................................9

*Titan Tire Corp. v. Case New Holland, Inc.*,
　　566 F.3d 1372 (Fed. Cir. 2009)................................................................................8

*Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*,
    No. 14-cv-2060, 2014 WL 6613116 (N.D. Ill. Nov. 21, 2014) .............................................11

*Ty, Inc. v. The Jones Group, Inc.*,
    237 F.3d 891 (7th Cir. 2001) ..............................................................................7, 8, 13

*Vance v. Rumsfeld*,
    No. 1:06-cv-06964, 2007 WL 4557812 (N.D. Ill. Dec. 21, 2007) .........................................15

*Volkswagen AG v. iman365-usa*,
    No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218 (N.D. Ill. Feb. 28, 2020) .........................6, 7

*Winter v. Natural Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) .............................................................................................10

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010).................................................................................9

**Statutes**

28 U.S.C. § 1331 ............................................................................................................5

28 U.S.C. § 1391 ............................................................................................................5

35 U.S.C. §§ 102–103 .....................................................................................................9

35 U.S.C. § 271(a) ..........................................................................................................8

35 U.S.C. § 282 ..............................................................................................................9

35 U.S.C. § 283 ............................................................................................................13

Patent Act ....................................................................................................................13

Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338(a)–(b) ......................................................5

**Rules**

Fed. R. Civ. P. 26(b)(2)....................................................................................................15

Federal Rule of Civil Procedure 65(b)(1) .............................................................................12

Rule 65(b) of the Federal Rules of Civil Procedure ..................................................................4

# I. INTRODUCTION

Plaintiff Dongguan Guanyi Light-Decoration Co., Ltd. is requesting temporary *ex parte* relief based on an action for patent infringement against the Defendants identified in Schedule A to the Complaint (collectively, the "Defendants"). As alleged in Plaintiff's Complaint, Defendants offered for sale and sold unauthorized and unlicensed products, namely light string products, that infringed Plaintiff's United States Patent US 11,408,585 ("the '585 Patent") through various fully interactive, commercial Internet stores operating under at least the Online Marketplace Accounts identified in Schedule A (collectively, the "Defendant Internet Stores"). Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase infringing products. The Defendant Internet Stores share unique identifiers, such as using the same descriptions and offering for sale the same the infringing products, establishing a logical relationship between them. Further, Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented product, as well as to protect unknowing consumers from purchasing infringing products over the Internet. Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully request that this Court issue an *ex parte* Temporary Restraint Order.

///

///

///

///

///

///

## II. STATEMENT OF FACTS

**A.     Guanyi's Patent**

Plaintiff Dongguan Guanyi Light-Decoration Co., Ltd. is a Chinese company founded on December 6, 2016. Its principal place of business is at Hongchang Road, Qishi Town, Dongguan City, Guangdong Province, China.

Guanyi is the lawful assignee of all right, title, and interest in and to United States Patent US 11,408,585 ("the '585 Patent"), entitled WATERPROOF AND SHATTERPROOF LIGHT STRING. The '585 Patent was duly and legally issued on August 9, 2022 and names Shifang Wang as the sole inventor. Attached as Exhibit 1 is a true and accurate copy of the '585 Patent.

Guanyi's light string products are loved by customers at least because of its unique patented features claimed in the '585 Patent, where, for example, a water discharge port 8 is formed on one side of the lamp holder 5 and a gap 7 is arranged between the lamp holder 5 and the bulb 6 such that water may be discharged automatically when entering the lamp from the circumferential gap 7 during rainy days, thus solving the issue of light string products failing in bad weather and making string light products waterproof.

///

///

///

///

///

///

///

///

///

| Patent Number | Representative Figure | Issue Date |
|---|---|---|
| US 11,408,585 |  | August 9, 2022 |

## B. Defendants' Unlawful Activates

On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the '585 Patent in the same transaction, occurrence, or series of transactions or occurrences. They are individuals and business entities who, upon information and belief, reside in the People's Republic of China, Hong Kong Special Administrative Region of the People's Republic of China

("HKSAR"), or other foreign jurisdictions. The Accused products, whose URL links are shown in Schedule A, infringe at least claim 1 of the '585 Patent. Each has a water discharge port being formed on one side of the lamp holder and a gap being arranged between the lamp holder and the bulb such that water may be discharged automatically when entering the lamp from the circumferential gap.

Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A, as well as other unknown fictitious names and addresses. Infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of our enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

### III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would immediately stop the Defendants from benefiting from their wrongful use of Plaintiff's patented product and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new e-commerce stores under new aliases, and move any assets to off-shore bank accounts outside the

jurisdiction of this Court. Courts have recognized that civil actions against infringers present special challenges that justify proceeding on an *ex parte* basis. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). As such, Plaintiff respectfully requests that this Court issue the requested *ex parte* TRO.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under aliases. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold infringing products to residents of Illinois. *See* Complaint at ¶¶ 2, 12, 17. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see, e.g., Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required); *Ford Global Techs., LLC v. New World Int'l Inc.*, 2016 U.S. Dist. LEXIS 78384, at *9-13 (E.D. Mich. June 16, 2016) (finding personal jurisdiction over defendant who sold products infringing design patents on its website and on an eBay storefront). In *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757-58 (7th Cir. 2009), the Seventh Circuit explained that, "Hemi stood ready and willing to do business with Illinois residents." "It is

Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id*.

Following *Hemi*, the Seventh Circuit in *Curry v. Revolution Labs., LLC* stated that:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois. Like Hemi, Revolution sells its products only online through its website and third-party websites. Revolution's interactive website for the sale of its products requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose. Illinois residents purchasing Revolution's products also receive an email from Revolution thanking them for their business, confirming their order, and listing the Illinois shipping address.

*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020). As such, Illinois courts have consistently exercised personal jurisdiction over e-commerce stores based on a single tortious act committed in Illinois. *See, e.g.*, *Volkswagen AG v. iman365-usa*, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020) (finding personal jurisdiction over China-based eBay store); *Monster Energy Company v. Chen Wensheng, et al*., 136 F. Supp. 3d at 909 ("defendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction"); *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

Finally, fair play means that offshore e-commerce store operators that decide to offer for sale and sell products to consumers in the United States, including Illinois, must come to the United States and stand accountable for conduct relating to such sales. *Christian Dior Couture, S.A. v. Lei*

*Liu, et al.*, 2015 U.S. Dist. LEXIS 158225, at *13 (N.D. Ill. Nov. 17, 2015). Defendant "certainly should not be surprised by the jurisdictional consequences of [its] actions", given that it had sufficient resources to purposefully avail itself of the Illinois market. *Id*. at *14 (quoting Hemi Grp., LLC, 622 F.3d at 758). Therefore, Defendants should have foreseen being subject to jurisdiction and haled into court in Illinois.[1] Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Guanyi substantial injury in the State of Illinois.

## A.  Standard for Temporary Restraining Order and Preliminary Injunction

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc*., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the

---

[1] In *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., the Court found that specific jurisdiction rests on the litigation-specific conduct of the defendant in the proposed forum state and that the sales to Indiana residents were not linked to the litigation because the non-infringing goods were unrelated to the lawsuit. 751 F.3d 796, 801 (7th Cir. 2014). Unlike *Advanced Tactical*, in the present case, jurisdiction is based on Defendants' offer for sale and sale of infringing products to Illinois residents, which is linked to Plaintiff's patent infringement claims. *See Volkswagen AG v. iman365-usa*, No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020) ("Audi's case-specific claims of trademark infringement stem from the Defendant's activities directed at Illinois.").

injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.*

## B.    Guanyi Will Likely Succeed on the Merits

Guanyi is likely to succeed on the merits of its patent infringement claim. To establish a likelihood of success on the merits of its patent infringement claims, Guanyi "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). Guanyi satisfies these requirements.

### B.1.    Defendants Infringed the '585 Patent

A defendant is liable for patent infringement if it, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States and patent invention during the term of the patent thereof." 35 U.S.C. § 271(a). "A determination of infringement is a two-step process. The court must (1) construe the asserted claims and then (2) compare the properly construed claims to the allegedly infringing devices." *Pause Tech. LLC v. TiVo Inc.*, 419 F.3d 1326, 1335 (Fed. Cir. 2005) (citations omitted). In comparing utility patent claims to an accused product, a patent owner must prove that "the accused device contains each limitation of the asserted claim, or an equivalent of each limitation." *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003) (citations omitted).

First, all terms in the claims of the '585 Patent should be construed according to the definitions provided by the applicant in the specification, or if not explicitly defined, according to

their ordinary meanings as understood by a person of ordinary skill in the art. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005).

Second, under the plain meaning of the claim language, Defendants' accused products infringe at least claim 1 of the '585 Patent. Each meets all claim elements, including a water discharge port being formed on one side of the lamp holder and a gap being arranged between the lamp holder and the bulb such that water may be discharged automatically when entering the lamp from the circumferential gap.

Third, Plaintiff has not licensed or authorized Defendants to use the '585 Patent, and none of the Defendants are authorized retailers of licensed products.

Accordingly, Guanyi is likely to succeed on the merits of its claim that Defendants infringe the '585 Patent.

### B.2. The '585 Patent Is Valid

An issued United States patent is given a statutory presumption of validity. See 35 U.S.C. § 282; *Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. App'x 964, 983 (Fed. Cir. 2002). Invalidity is generally proven by demonstrating that the patented invention is either anticipated or rendered legally obvious by the prior art. *See* 35 U.S.C. §§ 102–103. Guanyi is not aware of any evidence that would tend to anticipate or render obvious the claims of the '585 Patent. Further, various secondary considerations support the non-obviousness of the '585 Patent. *See Wyers v. Master Lock Co.*, 616 F.3d 1231, 1245 (Fed. Cir. 2010) (discussing "secondary indicia of nonobviousness" such as commercial success and copying).

Guanyi has enjoyed significant commercial success with its patented product, which provides secondary considerations suggesting that the '585 Patent is not obvious. *See, e.g., Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2011) ("There was substantial

evidence whereby a reasonable jury could have found copying and commercial success, and could have weighed these factors in favor of nonobviousness.").

Therefore, Guanyi will likely be able to prove that the Accused products infringed the '585 Patent, and the Defendants will not be able to prove that the '585 Patent is invalid. Accordingly, Guanyi is likely to succeed on its patent infringement claims.

## C.   There Is No Adequate Remedy at Law, and Plaintiff Will Suffer Irreparable Harm in the Absence of Preliminary Relief

Irreparable harm resulting from patent infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury." *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). At this stage, Plaintiff only needs to show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *see also, Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill and (2) reputational harm. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue. *See, e.g., Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("Under [the Court of Appeals for the Federal Circuit's] precedent, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.") (internal quotation and citation omitted).

Defendants' infringement erodes and devalues Plaintiff's rights in its patented product, thereby risking injury to Plaintiff's goodwill and reputation and interfering with Plaintiff's ability to exploit the patented product. *See, e.g., Otter Prods. v. Anke Group Indus. Ltd.*, 2:13-cv-00029, 2013 WL 5910882, at *2 (D. Nev. Jan. 8, 2013) (explaining that absent the requested TRO, plaintiff were likely to suffer "irreparable injury…in the form of (a) loss of control over its

intellectual property rights; (b) loss of consumer goodwill; and (c) interference with [plaintiff's] ability to exploit the OTTERBOX trademarks and design patents."); *see also, Nike, Inc. v. Fujian Bestwinn Industry Co.*, 166 F.Supp.3d 1177, 1178-79 (D. Nev. 2016) ("Absent an ex parte temporary restraining order and seizure order, [defendant's] importation, sale, and/or offers to sell its [design]... will result in immediate and irreparable injury to [plaintiff] in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with [plaintiff's] ability to exploit the [patents].").

Defendants' infringement of Plaintiff's patent by sale of the infringing products is likely to cause consumer confusion with genuine products from Plaintiff, resulting in harm to Plaintiff's reputation and loss of customers' goodwill. As established by the Federal Circuit: "[h]arm to reputation resulting from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir. 1994); *see also, Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, No. 14-cv-2060, 2014 WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014) (quoting and relying on *Reebok* in finding irreparable harm).

A causal nexus exists between Defendants' infringement and each of the irreparable harms that Plaintiff is suffering. *Apple Inc. v. Samsung Elecs. Co*., 735 F.3d 1352, 1364 (Fed. Cir. 2013).

Here, Defendants' infringing use of the '585 Patent in the infringing product is a substantial, if not the exclusive, reason for consumer demand of the infringing products. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), *aff'd*, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are 'relatively simple,' in the sense

that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products.").

Finally, because Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgement is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, *citing O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'"). Furthermore, other district courts have found that money damages were insufficient in similar cases involving foreign infringers. *See, e.g., Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-0053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012) ("[A] finding of irreparable harm was not clearly erroneous because it also found that since AE Tech is a foreign corporation, money damages would be insufficient."); *Otter Prods.*, 2013 WL 5910882, at *2 ("because Anke has no presence in the United States, it may be difficult or impossible for Otterbox to enforce a monetary judgement against Anke"); *Bushnell, Inc. v. Brunton Co.*, 673 F.Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Nike*, 166 F.Supp.3d, at 1179 ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against Bestwinn").

For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

**D. The Balancing of Harms Tips in Plaintiff's Favor, and the Public Interest Is Served by Entry of the Injunction**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc*., 237 F.3d at 895. As willful infringers, Defendants are entitled to little equitable consideration. This is because any harm to Defendants that could possibly result from a temporary restraining order is self-inflicted. Defendants took a calculated risk when they engaged in patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *See Celsis in Vitro, Inc. v. CellzDirect, Inc*., 664 F.3d 922, 931 (Fed. Cir. 2012) ("the preliminary record suggests that [defendant's] losses were the result of its own calculated risk in selling a product with knowledge of [plaintiff's] patent").

Through their unauthorized sales, Defendants have been profiting from the accused infringing products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defendants with respect to Plaintiff's patented product. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

**A.      Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the '585 Patent Is Appropriate**

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease making, using, offering for sale, selling, and importing the products set forth in Schedule A to the Complaint and any other products not authorized by Plaintiff and that infringe the '585 Patent. Such relief is necessary to stop the ongoing harm to Plaintiff's control over its rights in the '585 Patent, its reputation, and associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the '585 Patent. The need for *ex parte* relief is magnified in today's global economy where infringers can operate anonymously over the Internet. Plaintiff is currently unaware of both the true identities and locations of the Defendants, as well as other e-commerce stores used to distribute the infringing products. Many courts have authorized immediate injunctive relief in similar cases involving the sale of infringing products. *See, e.g., Nike, Inc. v. Fujian Bestwinn Industry Co.*, 166 F.Supp.3d 1177, 1178-79 (D. Nev. 2016)

**B.      Preventing the Fraudulent Transfer of Assets Is Appropriate**

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to recovery from Defendants' infringement is not impaired. Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in offshore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707,

709 (5th Cir. 2007). In addition, Plaintiff has shown a strong likelihood of succeeding on the merits of its patent infringement claim. Plaintiff's Complaint seeks, among other relief, that Defendants account for and pay to Plaintiff due to Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze to preserve relief sought by Plaintiff.

Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to off-shore bank accounts. Accordingly, an asset restraint is proper.

## C.     Plaintiff Is Entitled to Expedited Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Plaintiff respectfully requests expedited discovery to discover bank and payment system accounts Defendants use for their sales operations. The expedited discovery requested in Plaintiff's Proposed TRO is limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. *See, e.g., Deckers Outdoor Corporation v. The Partnerships*, No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished). The Court's seizure and asset restraint may have

little meaningful effect without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

## V. BOND

The posting of security upon issuance of a TRO or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989). Because of the strong and unequivocal nature of Plaintiff's evidence of patent infringement, Plaintiff respectfully requests this Court require Plaintiff to post a bond of no more than one thousand dollars per defendant (totaling $27,000). *See PopSockets LLC v. The Partnerships*, No. 21-cv-990 (N.D. Ill. Feb. 4, 2021) (unpublished) ($1,000 bond per defendant).

## VI. CONCLUSION

Due to the strong likelihood of success on the merits of Plaintiff's case and the irreparable harm that would result without a temporary restraining order, Plaintiff respectfully requests that its temporary restraining order be immediately granted.

Dated: October 23, 2023     Respectfully submitted,

*/s/ Timothy K. Sendek*
Timothy K. Sendek, IL 6293755
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Phone: (312) 870-8007
Fax: (312) 424-1900
tim.sendek@akerman.com

*/s/ Allen Justin Poplin*
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3841
Fax: (913) 549-4646
jpoplin@avekip.com

*Attorneys for Plaintiff*