# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONGGUAN GUANYI LIGHT-DECORATION CO., LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)    JURY TRIAL DEMANDED |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION FOR ELECTRONIC SERVICE OF PROCESS
## PURSUANT TO FED. R. CIV. P. 4(f)(3)

Pursuant to Fed. R. Civ. P. 4(f)(3), Dongguan Guanyi Light-Decoration Co., Ltd. ("Guanyi" or "Plaintiff") respectfully requests the Court's authorization to permit Plaintiff to serve Defendants with the Summons and Complaint by electronic mail to the merchant accounts and/or electronic stores identified in Schedule A.

Plaintiff brought this suit to enforce its patent rights associated with waterproof string light products. As alleged in the Complaint, each of the Defendants has manufactured, imported, offered for sale, or sold competing string light products that infringe upon Plaintiff' patent rights through online marketplaces that permit Defendants to obscure their identities. By using online marketplaces, Defendants can make their products available to consumers without exposing contact information or, at best, providing only minimal contact information. As a result, Plaintiff has limited contact information of questionable accuracy for Defendants. Nevertheless, based on the operations of their stores and merchant accounts, as well as the other allegations contained in the Complaint, Plaintiff believes Defendants are all foreign entities.

1

By this motion, Plaintiff seeks an order from the Court in accordance with Fed. R. Civ. P. 4(f)(3) permitting Plaintiff to serve Defendants through alternative means such as email and/or electronic message. Federal Rule of Civil Procedure 4(f)(3) permits alternative service in these circumstances because the means of service proposed by Plaintiff are not prohibited by international agreement and comport with due process. Likewise, service through alternative means will avoid any delay in effecting service on Defendants and permit this case to move forward in a timely fashion.

As noted, electronic service is appropriate and necessary in this case because offshore e-commerce store operators offering for sale infringing products typically provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct and rely primarily on electronic communications to communicate with their third party service providers and customers.

In this matter, Defendants use online marketplaces to sell their products to consumers. Defendants may also set up e-commerce websites of their own. On information and belief, Defendants do not sell their products through traditional "brick and mortar" stores of their own or of distributors. Additionally, on information and belief, Defendants use drop shipping options to avoid the need to maintain inventory of their infringing goods. That is, Plaintiff believes that Defendants collect orders and either have an importer or manufacturer ship the products directly to consumers, or ship bulk inventory to their online retailers and instruct those online retailers to complete shipments. Accordingly, Plaintiff has only minimal contact information of unknown accuracy for each Defendant. As such, authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Guanyi has good cause to believe the Defendants are all residents of China and/or Hong Kong. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention").

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("Plaintiff are not required to first attempt service through the Hague Convention."); *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK*

*Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same).

Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (*citing* 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)).

As such, this Court may allow Plaintiff to serve the Defendants via electronic publication and e-mail. Plaintiff hereby respectfully requests that its Motion be granted and that it be permitted to serve Defendants under Fed. R. Civ. P. 4(f)(3).

Dated: October 23, 2023

Respectfully submitted,

*/s/ Timothy K. Sendek*
Timothy K. Sendek, IL 6293755
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Phone: (312) 870-8007
Fax: (312) 424-1900
tim.sendek@akerman.com

*/s/ Allen Justin Poplin*
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3841
Fax: (913) 549-4646
jpoplin@avekip.com

*Attorneys for Plaintiff*